### FEDERAL CEMENT CO. v. SHAFFER.

(District Court, E. D. Pennsylvania. September 15, 1916.)

No. 1467, Sept. Sess. 1915.

INTERPLEADER ⚖=19—INTERVENTION—LEAVE.

 Plaintiff issued bonds to which were attached interest coupons. The bonds provided that ownership could be evidenced by registration. Defendant was the registered holder of the bonds, but in a bankruptcy proceeding to which he was a party he disclaimed ownership. Plaintiff refused to pay interest on demand of defendant, and filed a bill to determine the ownership. Another moved for leave to intervene, asserting title to some of the bonds and interest coupons. *Held*, that as plaintiff's only interest was in determining the ownership of the bonds, so that it could with safety pay the interest and principal, the motion for intervention should be granted.

 [Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 41; Dec. Dig. ⚖=19.]

Bill by the Federal Cement Company against William B. Shaffer. Sur motion of the Bridgewater Estate to intervene. Leave to intervene granted.

Smith, Paff & Laub, of Easton, Pa., for plaintiff.
Henry C. Thompson, Jr., of Philadelphia, Pa., for petitioner.

DICKINSON, District Judge. This controversy is of an unusual character. It is not a little difficult to divine just why there should be one. The plaintiff in this bill put out an issue of its bonds. The obligation to pay interest was evidenced by interest coupons attached to the bonds. There was the usual provision by which the ownership of the bonds could be evidenced by registration. This inured to the benefit of the corporation in that the registration indicated to whom payment of interest and, when the time came, of the principal could safely be made. The obligation of a debtor to pay what he owes and the agreed interest on deferred payments is one thing. The right to demand such payment or the ownership of the obligation is another. It would seem that the concern which the obligor has with the obligation after its issue is limited to the amount of the indebtedness and to receiving a good acquittance upon payment. He is clearly not concerned with any dispute there may be between rival claimants to the ownership of the obligation further than to be protected against any danger of double payment. It would appear that the bonds affected by this dispute were registered in the name of the present defendant as the owner. This simple condition of the facts bearing upon the question of to whom payment of interest might be safely made is complicated by these further at least averred facts: The defendant, although the registered holder of the bonds, in the bankruptcy proceeding, to which he was a party, disclaimed ownership, averring the real ownership to be in his wife; assignments of the bonds, or some of them, as collateral security were at times made; like absolute assignments were also made; the wife assigned her title to the bonds to the defendant, and there may have been other things done affecting the question of the real ownership of the bonds. The corporation refused the demand of the present defendant for payment of the interest. In consequence suit was brought to enforce payment. In such an action it is clear the issue would be whether the defendant therein owed the money. If the action was by the proper legal plaintiff, a dispute between the plaintiff and a third party over which of them was entitled to the fruits of the action would not avail the defendant as a defense. If the debt was admitted, all which belonged to the defendant was protection from another demand. This could be secured through any one of the provided means of notice to the other claimant to come in and defend, compliance with the requirements of any statutory interpleader proceeding there might be, or the filing of an interpleader bill. accompanied with payment of the disputed fund into court. The present proceeding is a rather belated adoption of this last-named course.

The present application is for the allowance of leave to the Bridgewater Estate, an alleged collateral holder of some of the bonds, to intervene as a party. The answer is, in effect, a denial of any right in the intervener to share in the fund in court. In the view of the present defendant such right would depend upon the fact of the assignment of these particular bonds, of whether the interest had accrued before or after the assignment, and of whether the accrued interest was represented by coupons which had been transferred along with the

bonds. The petition avers an interest. The answer does not deny this, except controversially. The facts must be found before the question of the interest of the intervener can be determined. The whole issue has now narrowed itself to this very question, To whom does the money in court belong? and the proceeding is for the very purpose of bringing in all claimants.

The leave to intervene prayed for is allowed.